UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| GARY TINDALL, JR., | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 1:24-cv-00549-JMS-TAB |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

**ORDER GRANTING MOTION TO DISMISS**

The United States has moved to dismiss Petitioner Gary Tindall, Jr.'s, motion for relief under 28 U.S.C. § 2255. Dkt. 6. For the reasons below, that motion is **GRANTED**.

**I. Background**

On February 8, 2022, the Court entered judgment against Mr. Tindall for drug and gun charges after accepting his guilty plea. *United States v. Tindall*, No. 1:19-cr-00213-JMS-TAB-1, dkt. 82 (hereinafter "Crim. Dkt."). Mr. Tindall did not appeal the judgment. On March 25, 2024, Mr. Tindall filed a motion to vacate, set aside, or correct sentence under § 2255. Dkt. 1.

Regarding the timeliness of the motion, Mr. Tindall states:

> Defendant argues that the reason the defendant failed to file his appeal and 2255 motion on time is because the defendant's lawyer told defendant that he would file both his appeal within 14 days of sentencing and his 2255 motion. Defendant was under the assumption that his lawyer has been preparing his appeal and 2255 motion. Defendant's lawyer has stopped all contact from the defendant since the sentencing date and that same date was when the defendant's counsel told defendant he was handling the appeal and 2255 motion. The defendant wrote letters and called his counsel may times, leaving messages with no responses, so the defendant has been waiting patiently only to recently find out this counsel could not file his 2255 if counsel wanted to. Defendant was mislead [sic] and lied to by counsel and respectfully asks the Court to accept the defendant's 2255 motion. Had it not been for the defendant's counsel

1

> lying and misleading the defendant that he would file the appeal and 2255 motion, the defendant would have filed in a timely manner.

Dkt. 1 at 11.

On July 26, 2024, the United States filed a motion to dismiss Mr. Tindall's motion as untimely. Dkt. 6. Mr. Tindall has not responded.

## II. Analysis

The Anti-Terrorism and Effective Death Penalty Act of 1996 establishes a one-year statute of limitations period for § 2255 motions. 28 U.S.C. § 2255(f). The limitations period is triggered by the latest of four events:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Under § 2255(f)(1), the limitation period begins to run on "the date on which the judgment of conviction [became] final." A judgment of conviction becomes final when the conviction is affirmed on direct review or when the time for perfecting an appeal expires. *Clay v. United States*, 537 U.S. 522, 527 (2003). A defendant has 14 days after entry of judgment to file a notice of appeal. Fed. R. App. P. 4(b)(1).

It is clear that the one-year deadline for Mr. Tindall to file a § 2255 motion expired no later than February 22, 2023—one year plus fourteen days after judgment. Mr. Tindall's motion was filed thirteen months beyond that deadline. Mr. Tindall does not allege that any of the four statutory exceptions for allowing a belated § 2255 filing apply to his case.

Mr. Tindall's motion does suggest that the deadline for filing it might have been equitably tolled. *See Boulb v. United States*, 818 F.3d 334, 339 (7th Cir. 2016) (citing *Holland v. Florida*, 560 U.S. 631, 645 (2010)). But equitable tolling is "reserved for extraordinary circumstances far beyond the litigant's control" that prevented him from filing the petition on time. *Id.* (quoting *Socha v. Boughton*, 763 F.3d 674, 684 (7th Cir. 2014)). Equitable tolling requires a showing that (1) the petitioner was pursuing his rights diligently; and (2) extraordinary circumstances prevented a timely filing. *Holland*, 560 U.S. at 649.

In *Modrowski v. Mote*, 322 F.3d 965 (7th Cir. 2003), the Seventh Circuit held that hired counsel's failure to timely file a habeas corpus petition under 28 U.S.C. §§ 2254 and 2241(d) was not grounds for equitably tolling the filing deadline, even if counsel's mental incapacity contributed to the filing of the petition one day beyond the deadline. First, the Court emphasized "that attorney negligence is not grounds for equitable tolling. The rationale is that attorney negligence is not extraordinary and clients, even if incarcerated, must 'vigilantly oversee,' and ultimately bear responsibility for, their attorneys' actions or failures." *Id.* at 967-68 (cleaned up). A possible exception to this rule may exist for capital cases, *id.*, which would not apply to Mr. Tindall.

Second, the Court declined to "revisit our long-standing determination that petitioners bear ultimate responsibility for their filings, even if that means preparing duplicative petitions: petitioners, 'whether in prison or not, must vigilantly oversee the actions of their attorneys and, if

3

necessary, take matters into their own hands.'" *Id.* at 968 (quoting *Johnson v. McCaughtry*, 265 F.3d 559, 566 (7th Cir. 2001)).

Third, the Court reaffirmed its rejection of cases from other federal circuits that recognize the possibility of equitable tolling if an attorney has made "affirmative misrepresentations" to a client. *Id.* Rather, the law in the Seventh Circuit is that "attorney misconduct, whether labeled negligent, grossly negligent, or willful, is attributable to the client" and does not warrant equitable tolling of filing deadlines in the collateral relief context. *Id.* The Seventh Circuit has recognized and applied *Modrowski*'s holding to rebut claims of equitable tolling in the context of the one-year filing deadline of § 2255(f). *See Lombardo v. United States*, 860 F.3d 547, 552 (7th Cir. 2017) (noting that "errors by an attorney acting on a party's behalf do not constitute external obstacles beyond the party's control" and that habeas and § 2255 petitioners do not have a constitutional right to counsel).

Applying *Modrowski* and *Lombardo* to Mr. Tindall's case, and particularly given his failure to respond to the motion to dismiss, the Court concludes that equitable tolling cannot excuse the belated filing of his § 2255 motion. Even if counsel had affirmatively represented that he would file a § 2255 motion on Mr. Tindall's behalf, counsel's failure to do so is an error attributable to Mr. Tindall. Ultimately, it was still within Mr. Tindall's control to timely file a § 2255 on his own, even if he thought counsel might also do so and his own filing of a motion might end up being duplicative.[1] Indeed, counsel's alleged failure to communicate with Mr. Tindall after his sentencing

---

[1] Also, "mistakes and ignorance of proper legal procedures are not sufficiently extraordinary to warrant tolling." *Johnson v. Chandler*, 224 F. App'x 515, 520 (7th Cir. 2007) (discussing equitable tolling of filing deadline for petitions under 28 U.S.C. § 2254); *United States v. Griffin*, 58 F. Supp.2d 863, 869 (N.D. Ill. 1999) ("a run-of-the-mill claim of ignorance of the law is insufficient to warrant equitable tolling of § 2255's limitations period"); *United States v. Petty*, 530 F.3d 361, 365-66 (5th Cir. 2008) ("lack of legal training, ignorance of the law, and unfamiliarity with the legal process are insufficient reasons to equitably toll the AEDPA statute of limitations").

4

arguably alerted him to the need to timely act on his own behalf. Under clear Seventh Circuit precedent, Mr. Tindall has not shown that "extraordinary circumstances" prevented the timely filing of a § 2255 motion. *See also Muhammad v. United States*, 735 F.3d 812, 816 (8th Cir. 2013) (attorney's false representation that she would file § 2255 motion for inmate, followed by failure to communicate with inmate and respond to his messages, was not "extraordinary circumstance" warranting equitable tolling). Even if "extraordinary circumstances" did exist, Mr. Tindall still waited thirteen months beyond the filing deadline to initiate this action, which fails to show that he acted "diligently" in attempting to protect his rights.

### III. Denial of Certificate of Appealability

A habeas petitioner does not have the absolute right to appeal a district court's denial of his habeas petition; rather, he must first request a certificate of appealability. *See Miller–El v. Cockrell*, 537 U.S. 322, 335 (2003); *Peterson v. Douma*, 751 F.3d 524, 528 (7th Cir. 2014). Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2255 proceedings, and 28 U.S.C. § 2253(c), the Court finds that Mr. Tindall has failed to show that reasonable jurists would find it "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). *See also Peterson v. Douma*, 751 F.3d 524, 530-31 (7th Cir. 2014) (certificate of appealability when case is dismissed on procedural grounds requires showing that reasonable jurist would find district court's procedural ruling was incorrect); *United States v. Henry*, No. 21-1285, 2021 WL 3669374 (3d. Cir. June 3, 2021) ("For substantially the reasons given by the District Court, jurists of reason would not find it debatable that appellant's motion to vacate sentence pursuant to 28 U.S.C. § 2255 was untimely filed, and that equitable tolling was unwarranted.") (cleaned up). The Court therefore **denies** a certificate of appealability.

5

## IV. Conclusion

Mr. Tindall is not entitled to relief on his § 2255 motion because it is barred by the statute of limitations. The United States' motion to dismiss, dkt. [6], is **GRANTED**, and this action is **dismissed with prejudice**. The **clerk is directed** to enter final judgment, to docket a copy of this order in the criminal case, No. 1:19-cr-00213-JMS-TAB-1, and to terminate the pending § 2255 motion in the criminal case, dkt. [96]. A certificate of appealability is **denied**.

**IT IS SO ORDERED.**

Date: 1/15/2025

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email

GARY TINDALL, JR.
17072-028
ATLANTA - USP
ATLANTA U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 150160
ATLANTA, GA 30315